# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Debbie Edwards<br>　　　　Debtor | CHAPTER 13 |
| MidFirst Bank<br>　　　　Movant<br>vs. | NO. 16-11246 SR |
| Debbie Edwards<br>　　　　Debtor | |
| Frederick L. Reigle<br>　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $8,335.32, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2017 through April 1, 2017 at $883.80/month |
| | May 1, 2017 through August 1, 2017 at $880.08/month |
| Late Charges: | January 16, 2017 through April 16, 2017 at $35.35/month |
| | May 16, 2017 through August 16, 2017 at $35.20/month |
| NSF Fee: | $15.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Less Suspense Balance: | $48.40 |
| **Total Post-Petition Arrears** | **$8,335.32** |

2. The Debtor(s) shall cure the aforesaid arrearage, while maintaining ongoing contractual mortgage payments, in the following manner:

　　a). Beginning on September 1, 2017 and continuing through February 1, 2018, until the arrearages are cured, Debtor(s) shall pay the regular contractual monthly mortgage payments of **$880.08** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month in which the payment is due (with late charges to be assessed after the 15th of the month), plus an installment payment of **$1,389.22** per month for the months of September 1, 2017 through February 1, 2018 towards the arrearage on or before the last day of each month.

　　b). Debtor shall maintain contractual monthly mortgage payments thereafter.

　　c). Movant's current payment address is as follows:

　　　　MidFirst Bank
　　　　999 NorthWest Grand Boulevard
　　　　Oklahoma City, OK 73118

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event that the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed form of Order filed with the instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents, and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 22, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 8/24/17

Brad J. Sadek, Esquire
Attorney for Debtor
Matthew Lazarus, ESQ.

Date: 8/27/17

Frederick L. Reigle, Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Stephen Raslavich